1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   RANDALL MEREDITH, M.D.,              No.  14-cv-00899 JAM CMK

12              Plaintiff,

13        v.                              **ORDER GRANTING PLAINTIFF'S**
                                          **MOTION TO REMAND**
14   e-MDs, a Texas Corporation,
     and DOES 1-10, inclusive,

15

16              Defendants.

17

18        This matter is before the Court on Plaintiff Randall

19   Meredith's ("Plaintiff") Motion to Remand (Doc. #6) pursuant to

20   28 U.S.C. § 1447(c).  Defendant e-MDs, Inc. ("Defendant") opposes

21   the motion (Doc. #7).  Plaintiff has filed a Reply (Doc. #8).

22   For the following reasons, Plaintiff's motion is GRANTED.[1]

23        I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

24        Plaintiff is a medical doctor in Trinity County, California.

25   Compl. ¶ 1.  Defendant is a Texas corporation.  Compl. ¶ 2.  On

26

27   _____
     [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for June 4, 2014.

                                     1

1   March 9, 2011, Plaintiff and Defendant entered into a written
2   contract, whereby Plaintiff purchased software for use in his
3   medical practice.  Compl. ¶ 10.  The total price for the software
4   was $14,798.  Compl. ¶ 11.  Plaintiff alleges that the product
5   did not perform as promised.  Compl. ¶ 13.  As a result,
6   Plaintiff was forced to hire a third party IT supplier to resolve
7   repeated problems with the software.  Compl. ¶ 16.  Plaintiff was
8   billed $29,000 by the third-party IT supplier.  Compl. ¶ 20.  On
9   June 28, 2013 and August 30, 2013, counsel for Plaintiff sent
10  letters to Defendant's counsel.  Griffith Declaration, Ex. 2;
11  DeCarli Declaration, Ex. A.  Each letter contains a claim for
12  total damages in the amount of $57,130.73.  Id.

13       On March 10, 2014, Plaintiff filed the Complaint in Trinity
14  County Superior Court.  On April 11, 2014, Defendant removed the
15  matter to this Court on the basis of diversity jurisdiction,
16  pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a).
17  Plaintiff's Complaint includes the following causes of action:
18  (1) Breach of Express Warranty; (2) Breach of the Implied
19  Warranty of Merchantability; (3) Breach of the Implied Warranty
20  of Fitness for a Particular Purpose; and (4) Negligent
21  Misrepresentation.  Plaintiff specifically alleges that "the sum
22  of all relief shall be no more than $74,999.00."  Compl. at 10,
23  Prayer for Relief.

24

25                    II.   OPINION

26       A.   Legal Standard

27       Generally, a state civil action is removable to federal
28  court only if it might have been brought originally in federal

2

1  court.  See 28 U.S.C. § 1441.  The Ninth Circuit "strictly

2  construe[s] the removal statute against removal jurisdiction."

3  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing

4  Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988); Takeda v.

5  Northwestern National Life Insurance Co., 765 F.2d 815, 818 (9th

6  Cir. 1985)).  Thus, "[f]ederal jurisdiction must be rejected if

7  there is any doubt as to the right of removal in the first

8  instance."  Id. (citing Libhart v. Santa Monica Dairy Co., 592

9  F.2d 1062, 1064 (9th Cir. 1979)).  "The 'strong presumption'

10 against removal jurisdiction means that the defendant always has

11 the burden of establishing that removal is proper."  Id. (citing

12 Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 n.

13 3 (9th Cir. 1990); Emrich v. Touche Ross & Co., 846 F.2d 1190,

14 1195 (9th Cir. 1988)).

15     To establish diversity jurisdiction, the defendant must show

16 complete diversity exists among the parties and that the amount

17 in controversy exceeds $75,000.  28 U.S.C. § 1332.  A court may

18 consider whether the amount in controversy is apparent from the

19 face of the complaint.  Singer v. State Farm Mut. Auto. Ins. Co.,

20 116 F.3d 373, 377 (9th Cir. 1997).  When the complaint

21 affirmatively alleges an amount of damages under $75,000, there

22 are competing views as to the appropriate standard of proof to

23 which the defendant should be held.  Some courts have held that,

24 under these circumstances, the defendant must establish that the

25 amount in controversy requirement is met by the preponderance of

26 the evidence.  See, e.g., Cagle v. C & S Wholesale Grocers, Inc.,

27 2014 WL 651923 (E.D. Cal. Feb. 19, 2014).  Conversely, some

28 courts have held that the defendant must "prove to a legal

3

certainty" that the amount in controversy threshold is met, when

the plaintiff has specifically alleged otherwise.  See, e.g.,

Stelzer v. CarMax Auto Superstores California, LLC, 2013 WL

6795615 (S.D. Cal. Dec. 20, 2013).  Moreover, 28 U.S.C.

§ 1446(c)(2) provides as follows:

> "(A) the notice of removal may assert the amount in
> controversy if the initial pleading seeks . . . a money
> judgment, but the State practice . . . permits recovery
> of damages in excess of the amount demanded; and
> (B) removal of the action is proper on the basis of an
> amount in controversy asserted under subparagraph (A)
> if the district court finds, *by the preponderance of
> the evidence*, that the amount in controversy exceeds
> the amount specified in section 1332(a)." (emphasis
> added.)

The clear and authoritative language of 28 U.S.C. 1446(c)(2) is

consistent with the line of cases holding that, when the

plaintiff has specifically alleged less than $75,000, the

defendant seeking removal must prove the amount in controversy by

the preponderance of the evidence.  See, e.g., Cagle, 2014 WL

651923 (E.D. Cal. Feb. 19, 2014).  Moreover, the Cagle court's

thorough and sprawling analysis of the relevant Ninth Circuit

case law – including its ultimate conclusion that the

'preponderance' standard is appropriate – is quite persuasive.

Id.  However, the Court need not reach the issue.  As is

discussed below, Defendant fails to meet even the preponderance

of the evidence standard, and would, therefore, necessarily fail

under the more demanding "legal certainty" standard as well.

      B.   Discussion

      Plaintiff argues that Defendant cannot demonstrate, "without

speculation and conjecture," that Plaintiff would be entitled to

$75,000, even if he prevailed on every claim.  Mot. at 1.

4

1   Plaintiff maintains that his total damages amount to $57,136.73,

2   as reflected in his June 28, 2013 letter.  Mot. at 5 (citing

3   Griffith Declaration, Ex. 2).  Moreover, Plaintiff contends that

4   Defendant's estimate of potential attorneys' fees is too

5   speculative to satisfy its burden.  Mot. at 6.  Defendant agrees

6   that Plaintiff's total damages amount to $57,136.73, but

7   maintains that the addition of an estimated $30,615 in attorneys'

8   fees means that the $75,000 threshold is easily satisfied.  Opp.

9   at 4.  Defendant bases this conclusion on "the reasonable

10  estimate of tasks, hours and rate submitted by Defendant in its

11  notice of removal, and based on Plaintiff's own representation of

12  the attorney's fees incurred even before the preparation and

13  filing of his complaint."  Opp. at 4.

14       As noted above, the parties do not dispute the amount in

15  controversy, as it pertains to Plaintiff's alleged actual

16  damages.  As evident from the June 28, 2013 and August 30, 2013

17  letters from Plaintiff's counsel to Defendant's counsel,

18  Plaintiff's alleged actual and compensatory damages are

19  $57,136.73.  See Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th

20  Cir. 2002) (holding that "a settlement letter is relevant

21  evidence of the amount in controversy if it appears to reflect a

22  reasonable estimate of the plaintiff's claim"); Griffith

23  Declaration, Ex. 2; DeCarli Declaration, Ex. A.

24       Accordingly, Defendant must establish that, should Plaintiff

25  prevail on all of his claims, he would be entitled to at least

26  $17,863.27 in attorneys' fees.  Potential attorneys' fees may be

27  included in the amount in controversy, where an award of such

28  fees is authorized by an underlying statute or contract.  Galt

5

1  G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998);

2  Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 450 (S.D. Cal.

3  1995)).   The contract between Plaintiff and Defendant provides

4  for an award of attorneys' fees to the prevailing party.  DeCarli

5  Declaration, Ex. A.

6      In its Notice of Removal, Defendant contends that "an

7  extremely conservative estimate of the attorneys' fees for

8  preparing and presenting plaintiff's case to a jury totals

9  $30,615."  Notice of Removal at 5.   Defendant arrived at this

10  figure by multiplying the estimated number of hours Plaintiff's

11  attorneys would spend on the case (157) by an hourly rate of

12  $195.  Notice of Removal at 6-7.  Plaintiff argues that this

13  figure is "pure speculation."  Mot. at 6.  Plaintiff notes that

14  his legal services agreement is a "contingency fee agreement" and

15  that Defendant's estimate assumes that the case "will be taken

16  all the way through trial."  Mot. at 6-7.

17      The Court finds that Defendant's estimate of Plaintiff's

18  eventual attorneys' fees is highly speculative, for a number of

19  reasons.  First, Plaintiff is not entitled to attorneys' fees on

20  all of his claims.  Specifically, Plaintiff is not entitled to

21  attorneys' fees on his negligent misrepresentation claim, as

22  there is no statutory provision authorizing such an award.

23  Compl. ¶¶ 48-54.  Of course, for purposes of determining the

24  amount in controversy, the Court must assume that Plaintiff will

25  prevail on all of his claims, including those which support an

26  award of attorneys' fees.  Kenneth Rothschild Trust v. Morgan

27  Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

28  However, it is impossible to predict what percentage of the work

1  done by Plaintiff's counsel would be in furtherance of his

2  contractual claims versus his negligent misrepresentation claim.

3  Therefore, it is unduly speculative to predict whether Plaintiff

4  would be entitled to attorneys' fees for the entirety of the work

5  performed by his counsel.  Several other courts have granted a

6  motion to remand for this very reason.  See Conrad Associates v.

7  Hartford Acc. & Indem. Co., 994 F. Supp. 1196, 1200 (N.D. Cal.

8  1998) (noting that "defendant has not attempted to demonstrate

9  which percentage of those [attorneys'] fees were incurred to

10  recover contract damages . . . and which percentage of those fees

11  were expended to seek extra-contractual damages"); see Burk v.

12  Med. Sav. Ins. Co., 348 F. Supp. 2d 1063, 1068-69 (D. Ariz. 2004)

13  (noting that "it is unclear what portion of those [attorneys'

14  fees] would be recoverable as fees incurred to obtain contract

15  benefits").

16     Second, Defendant's estimate assumes that the case will

17  proceed to trial.  Notice of Removal at 6-7.  Even if the case

18  cannot be resolved through a voluntary settlement, it may well be

19  resolved at the summary judgment stage.  Using Defendant's

20  estimate, resolution prior to trial would eliminate at least 54

21  of the 157 attorney hours (34%) predicted by Defendant.  This

22  uncertainty is precisely why a number of courts have held that

23  attorneys' fees incurred *after* the date of removal are not

24  included in the amount in controversy.  See, e.g., Stelzer v.

25  CarMax Auto Superstores California, LLC, 2013 WL 6795615 (S.D.

26  Cal. Dec. 20, 2013).  Although other courts have held that the

27  amount in controversy includes forecasted attorneys' fees for the

28  duration of the case, the Court need not address this issue at

1   this time.  See, e.g., Brady v. Mercedes-Benz USA, Inc., 243 F.

2   Supp. 2d 1004, 1011 (N.D. Cal. 2002).  It merely notes that, even

3   considering potential attorneys' fees for the duration of

4   Plaintiff's case, the speculative nature of such a figure is only

5   exacerbated by the uncertainty of the case's ultimate lifespan.

6       Third, as noted by Plaintiff, the hourly rate used by

7   Defendant in its attorneys' fee calculation is taken from a

8   previous case handled by the *law firm* representing Plaintiff in

9   the case at bar, not the individual attorneys handling

10  Plaintiff's case.  Mot. at 7.  Significantly, these rates were

11  those billed by a partner and a senior associate at the firm.

12  Notice of Removal at 6.  Defendant makes no showing that

13  Plaintiff's current attorney is billing at a similar rate in this

14  case.  Therefore, any prediction based on the hourly rate of $195

15  is unsupported by sufficient proof to draw a reliable conclusion.

16      Finally, the Court acknowledges Plaintiff's argument that

17  this case is being handled on a contingency fee arrangement, but

18  notes that this fact is of little import.  Mot. at 7.

19  Irrespective of the contingency fee agreement, Plaintiff would

20  still be eligible for reasonable attorneys' fees under his

21  contract with Defendant.  Traditionally, statutory/contractual

22  attorneys' fees are calculated using the "lodestar" calculation,

23  which Defendant has used.  Six (6) Mexican Workers v. Arizona

24  Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).

25  Accordingly, the existence of a contingency fee arrangement does

26  not negate Defendant's attempts to calculate likely attorneys'

27  fees using the lodestar method.

28      Nevertheless, for the reasons noted above, the Court

8

1   concludes that Defendant's estimate is too speculative to
2   establish, by the preponderance of the evidence *or* to a legal
3   certainty, that Plaintiff would be entitled to at least
4   $17,863.27 in attorneys' fees.  Therefore, Defendant has not
5   satisfied its burden in establishing that the $75,000 amount in
6   controversy requirement is met, and Plaintiff's Motion to Remand
7   is GRANTED.

8

9                        III.   ORDER

10       For the reasons set forth above, the Court GRANTS
11  Plaintiff's Motion to Remand.  Consistent with this Order,
12  Defendant's Motion to Dismiss (Doc. #4) is terminated and the
13  June 18, 2014 hearing date is vacated.
14       IT IS SO ORDERED.
15  Dated: June 11, 2014

16
                                  _____
17                                JOHN A. MENDEZ,
                                  UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28

9